# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | **CASE NO. 1:08 CV 689** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| William J. DiPalma, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the United States' Motion for Summary Judgment (Doc. 22) and Defendant Susan DiPalma's Motion for Partial Summary Judgment (Doc. 23). This is a foreclosure action brought by the United States to recover delinquent taxes. For the reasons that follow, the motions are GRANTED.

**FACTS**

Plaintiff, the United States of America, filed this action against defendants, William J. DiPalma, Susan M. DiPalma, the CIT Group/Consumer Finance, Inc. ("CIT"), Litton Loan Servicing, LP, ("Litton") and the State of Ohio, to foreclose on real property owned by the DiPalmas. The parties do not dispute that William and Susan DiPalama jointly owe approximately $38,900 for back due income tax. In addition, William DiPalma owes approximately $33,500 for back due employment taxes. The government seeks to foreclose on real property owned by the DiPalmas as joint tenants by the entireties. Defendant CIT appeared

1

in this matter and holds a mortgage on the property.  Litton failed to appear and default was entered.  The State of Ohio appeared and indicated that its relevant agencies have no interest in the property.  These agencies seek dismissal from this lawsuit.

The complaint contains four claims for relief.  Although it appears that the counts were improperly numbered, count one is a claim for judgment for unpaid income taxes against the DiPalamas.  Count two is a claim for unpaid employment taxes against William DiPalma.  Count three purports to establish the liens of the United States and count four seeks foreclosure.

The United States filed a motion for summary judgment against Susan and William DiPalma.  Susan DiPalma cross moved for summary judgment.  Neither of the DiPalmas oppose the United States' motion.  The United States filed a brief in response to Susan DiPalma's motion, indicating that it agrees with her position.

### **STANDARD OF REVIEW**

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial
> responsibility of informing the district court of the basis for its
> motion, and identifying those portions of "the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any," which it believes demonstrates
> the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323.  A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

2

Once the moving party has satisfied its burden of proof, the burden then shifts to the

nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere
> allegations or denials of the adverse party's pleadings, but the
> adverse party's response, by affidavits or as otherwise provided in
> this rule, must set forth specific facts showing that there is a
> genuine issue for trial.  If the adverse party does not so respond,
> summary judgment, if appropriate, shall be entered against the
> adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe

the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dept. of*

*Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557,

562 (6th Cir. 1985).  However, summary judgment should be granted if the party bearing the

burden of proof at trial does not establish an essential element of its case.  *Tolton v. American*

*Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

### **ANALYSIS**

Based on the briefs submitted by the parties, it appears that there is no dispute remaining

in this matter.  In its motion, the United States establishes the amounts due and payable for both

income and employment taxes.  The United States argues that foreclosure of the property is

permitted by law and sets forth the priorities of the various lienholders and the rights of the

DiPalmas regarding any amounts remaining after the lienholders are satisfied.  According to the

United States, the income tax amounts due can be sought from the proceeds with respect to both

DiPalams.  The government recognizes, however, that after satisfaction of the property taxes, the

mortgage secured loan, and the government's interest in the unpaid income taxes, any remaining

amount must be split between Susan and William DiPalma.  The government may then collect

3

the unpaid employment taxes from only William DiPalma's share of the proceeds.  In her motion

for summary judgment, Susan DiPalma similarly argues that the government may not collect the

unpaid employment taxes from her share of the proceeds.  In response, the government agrees.

Neither of the DiPalmas oppose the government's motion.

Upon review, the Court agrees with the government's unopposed motion regarding the

amount of taxes due and unpaid and the government's right to foreclose on the property.  The

Court further agrees with the arguments made by both Susan DiPalma and the government

regarding the order of the disbursement of proceeds after foreclosure.  In addition, although no

party sought summary judgment with regard to CIT's interest, the government concedes that

CIT's interest is superior to its interest in the property.  Accordingly, there is no claim left for

this Court to resolve vis à vis CIT.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS both the United States' Motion for

Summary Judgment and Defendant Susan DiPalma's Motion for Partial Summary Judgment.  In

addition, the agencies of the State of Ohio are DISMISSED.

IT IS SO ORDERED.


/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Date:   4/15/09